# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

AKUYMEN TECHNOLOGIES CORP, a corporation,

　　　　Plaintiff,

　　vs.

JASON LIGHTMAN, individually and in his capacity as Co-CEO of Vivintry LLC; BO LARSON, individually and in his capacity as Co-CEO of Vivintry, LLC; VIVINTRY LLC; and JOHN DOES 1-10, inclusive,

　　　　Defendants.

CASE No. 17-cv-06476 BLF

**ORDER GRANTING PLAINTIFF AKUYMEN TECHNOLOGIES CORP.'S EX PARTE APPLICATION FOR TRO AND ORDER TO SHOW CAUSE, AND ORDER EXPEDITING DISCOVERY**

TO DEFENDANTS JASON LIGHTMAN, BO LARSSON AND VIVINTRY LLC YOU ARE HEREBY ORDERED TO COMPLY WITH THIS TEMPORARY RESTRAINING ORDER AS FOLLOWS.

On November 14, 2017, the Court held a hearing on Plaintiff's Ex-Parte Request for a Temporary Restraining order.  On November 7, 2017, Plaintiff filed a Verified Complaint.  Plaintiff also filed an *ex parte* application for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) and the Federal Defend Trade Secret Act.  Mr. Steve Konecny, Eisner Amper LLP, has agreed to act as a Special Master for the Court in an effort to preserve and protect information and documents in this matter.

The Court Finds that:

(4) It clearly appears from the facts in the Verified Complaint, the supporting declarations and the attorney declaration that: The Plaintiff has demonstrated a likelihood of success on the merits of its Federal Trade Secret Act claim, its California State Trade

1078101.1

Secret Act claim and the alleged violation of the Non-Disclosure Agreement; and Plaintiff has demonstrated irreparable harm. For the reasons stated on the record, the court finds that a balancing of hardship strongly favors Plaintiff and the public interest is served by granting this TRO.

Further, the Court finds that an order issued pursuant to the Federal Trade Secret Act and Rule 65(b) is necessary to prevent irreparable harm to Plaintiff and in order to preserve the spoliation of evidence.

THEREFORE, IT IS ORDERED THAT Steve Konecny and his staff at Eisner Amper are hereby appointed as the Court's Special Master. The services of the Special Master will be paid by Akyumen but may be subject to reallocation at a later date. The Special Master is hereby directed and authorized to receive from Defendant Jason Lightman a computer server described as, a black cuboid box with trays and steel casing approximately three feet in height, with a server computer inside, which was temporarily housed at Akyumen's office. The Special Master shall preserve the server in a safe and secure place until further order of this Court.

IT IS FURTHER ORDERED THAT Defendants:

(1) Deliver to the Court at the time of the Preliminary Hearing all of Akyumen's electronic devices, including laptops, smartphones and tablets, keys and key-cards that are currently in the Defendant's possession.

(2) Cease accessing, using, imitating, copying, disclosing, or making available to any person or entity Akyumen's Asserted Trade Secrets or proprietary information;

(3) Cease any further knowing use or dissemination of information, data, or documents that the Defendants know belong to Akyumen or came from Akyumen; and,

(4) Preserve all data, hard copy documents, information and communications that concern Akyumen or the issues set forth in Akyumen's Verified Complaint.

(5) Defendant Jason Lightman shall turn over the above described server to the Special Master immediately upon request.

1   The Special Master is to file a Report with this Court concerning compliance and
2   progress with this Order no later than ten days after the date of this Order. Any non-
3   compliance with the Order shall be immediately reported to the Court by the Special
4   Master.   The Special Master shall not allow any party to review the actual data or
5   documents absent mutual written agreement of the parties or further order of the Court.

6   IT IS FURTHER ORDERED THAT Plaintiff may immediately serve the subpoena
7   to Fox Creek Fund, LLC, in the form attached as Exhibit "A" to the Declaration of Marc
8   Greenberg.

9   Plaintiff shall serve all pleadings on file in this action except sealed documents and a
10  copy of this temporary restraining order on all Defendants.  This order will be effective
11  upon service.

12  Defendants are ordered to show cause why a preliminary injunction should not issue
13  extending the terms of this temporary restraining order.

14  The Court sets a hearing on Plaintiff's request for a Preliminary Injunction for
15  November 28, 2017, at 1:30.  Defendants will file opposition papers by November 21,
16  2017, Plaintiff's Reply Brief is due November 27, 2017, at 10:00 AM.

17

18  IT IS SO ORDERED.

19

20  Date: November 14, 2017

21  Judge Beth Labson Freeman
    United States District Court Judge

22  Submitted by:
23  DATED: November 14, 2017        MUSICK, PEELER & GARRETT LLP

24

25  By:  /s/ Marc Greenberg
         Marc Greenberg
26       Attorneys for Plaintiff
27       AKUYMEN TECHNOLOGIES CORP.

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

                                                            AKUYMEN TECHNOLOGIES ORDER